UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MISAEL PADILLA,

    Plaintiff,

    v.

CITY OF CHICAGO, et al.,

    Defendants.

No. 07 CV 5253
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Plaintiff Misael Padilla ("Padilla" or "Plaintiff") originally sued Defendants, Frank R. Villareal ("Villareal"), Guadalupe Salinas ("Salinas"), and the City of Chicago ("City") under 42 U.S.C. § 1983, alleging that Defendants violated his rights to due process by fabricating evidence against him and maliciously prosecuting him. Plaintiff also alleged a *Monell* claim and several state law claims.

In a Memorandum Opinion and Order issued on August 24, 2011, I granted Defendants' motion to dismiss Count III. I denied the motion to dismiss the remaining state law counts.

With regard to the § 1983 due process claim, I denied the motion to dismiss the claim outright, but confined the allegation to a *Brady* claim for Defendants' alleged failures to disclose potentially impeaching evidence about the arresting officers. I did so, however, on the assumption that Plaintiff had been prosecuted up to and including trial.

That assumption has not been borne out, as Defendants have now produced evidence that the charges were *nolle prossed* before Defendant ever faced trial. Having confirmed this important fact, Defendants now move for summary judgment on Counts I, arguing that no § 1983

liability can attach on a *Brady* theory when a criminal defendant does not face trial. Defendants also seek summary judgment on Count II (the *Monell* claim) on the basis that *Monell* liability is automatically extinguished when the underlying constitutional violation falls away. Finally, Defendant argues that the remaining state law claims be dismissed without prejudice, as there would be no remaining federal claims.

Plaintiff's response deadline on the motion has come and gone, therefore his opportunity to respond to the arguments put forth by Defendants is forfeited.

## II. DISCUSSION

Defendant's motion is granted in all parts.

### *Count I - Due Process/*Brady *Violation*

As to Count I, the motion is granted because, under the law of this circuit, I find that no *Brady* violation can occur when the underlying criminal charges are *nolle prossed*.[1] In *Carvajal v. Dominguez*, the Seventh Circuit expressed doubts that a *Brady* claim could arise when a defendant is brought to trial but acquitted. 542 F.3d 561, 570 (7th Cir. 2008). The court did not explicitly rule on that basis, and instead analyzed whether "the decision to go to trial would have been altered by the desired disclosure." *Id.* at 569. In the follow-on case of *Bielanski v. County of Kane*, the court stated that "*Brady* requires that the government disclose material evidence in time for the defendant to make effective use of it at trial . . . . Even late disclosure does not constitute a *Brady* violation unless the defendant is unable to make effective use of the evidence. 550 F.3d 632, 645 (7th Cir. 2008) (citations omitted).

---

[1] A *Brady* violation refers generally to the concept of suppressing evidence favorable to an accused. The seminal case is *Brady v. Maryland*, 373 U.S. 83 (1963).

The combined effect of *Carvajal* and *Bielanski* is a clear focus on a criminal defendant's accessibility to exculpatory or impeaching evidence at trial. Thus, it appears that no *Brady* due process claim can lie when, as here, the criminal case is *nolle prossed* before the defendant ever stands trial. *See generally id.*, *see also Garcia v. City of Chicago*, 24 F.3d 966, 971-72 (7th Cir. 1994) (no due process claim available when charges are *nolle prossed*.) Summary judgment on Count I - the Due Process/*Brady* claim - is therefore granted for Defendants.

*Count II* - **Monell** *Claim*

The plaintiff also pursues a § 1983 claim for municipal liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), alleging that the *de facto* policies maintained with deliberate indifference by the City caused the underlying constitutional violation. But "it is well established . . . that a municipality's liability for a constitutional injury requires a finding that the individual officer [is] liable on the underlying substantive claim." *Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000). Because the sole underlying constitutional claim has failed, the *Monell* claim must fail as well. Summary judgment is granted for Defendants on Count II.

*Remaining State Law Claims*

With summary judgment granted on all federal claims, the only remaining claims are state law tort and indemnity claims. Under the relevant jurisdictional statute, a district court "may decline to exercise supplemental jurisdiction" over pendent state law claims if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits. *Kennedy v.*

*Schoenberg*, 140 F.3d 716, 727 (7th Cir. 1998). Seeing no reasons to depart from this general rule, I dismiss the state law claims without prejudice.

## III. CONCLUSION

For the foregoing reasons, summary judgment is granted in favor of Defendants on Counts I and II. Counts IV through VII are dismissed without prejudice.

ENTER:

James B. Zagel
United States District Judge

DATE: June 5, 2012